[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15120
Non-Argument Calendar

_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00030-CV-3-MCR

CARLOS GREEN,

Plaintiff-Appellee,

versus

J. K. SCHWARTZ,
P. J. DOREMUS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 17, 2005)

Before BIRCH, BARKETT and COX, Circuit Judges.

PER CURIAM:

Plaintiff Carlos Green filed suit pursuant to 42 U.S.C. § 1983 against security

officers and medical personnel at the Santa Rosa Correctional Institution where

Plaintiff was confined, alleging violations of the Eighth Amendment. After trial, the jury returned a verdict in favor of Green and against two of the defendants, J.K. Schwartz and Patrick Doremus ("Defendants"). Schwartz and Doremus argue that the district court erred in "permitting unexhausted claims to proceed to trial," and by denying Defendants' motion for judgment as a matter of law. We affirm.

Pursuant to 42 U.S.C. § 1997e, a prisoner may not bring any suit with respect to prison conditions "until such administrative remedies as are available are exhausted." This requirement applies to all prisoners' suits filed after April 26, 1996. *See Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).

The Florida Department of Corrections ("DOC") provides a three-step grievance procedure. *See Chandler v. Crosby*, 379 F.3d 1278, 1287-88 (11th Cir. 2004); FLA. ADMIN. CODE ANN. § 33-103.005 – .007. However, emergency grievances and grievances of a sensitive nature may be filed directly with the warden's office or with the Office of the Secretary of the DOC. *Id*. § 33-103.006(3)(a), (3)(d). If an emergency or sensitive nature grievance is not accepted, it is returned to the inmate with instructions to resubmit the grievance through the normal three-step process. *Id*. § 33-103.006(4); § 33-103.007(6)(e).

2

The incidents on which Green based his complaint occurred at the Santa Rosa Correctional Institution on November 21, 2000. Green filed an emergency grievance on January 8, 2001, complaining of abusive conduct by Doremus. An affidavit attached to his grievance further described the events of November 21. Green received the following response on January 16, 2001:

> Your appeal has been reviewed and evaluated. The issue of your complaint has been referred to the investigation section of the Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

> As action has been initiated, you may consider your appeal approved from that standpoint.

(Appellee's Br. at 9.) Green filed this civil action three days later on January 19, 2001. The investigation initiated by his grievance was not completed until June 2001.

Defendants argue that Plaintiff did not exhaust his administrative remedies prior to filing suit. Plaintiff argues that even if his suit was premature, Defendants waived their rights to raise his failure to exhaust his administrative remedies as a defense.

Both Doremus and Schwartz listed Green's failure to exhaust his remedies as an affirmative defense in their Answer to Green's Fourth Amended Complaint. No Rule 56 motion grounded in this affirmative defense was filed until August 11, 2004,

3

and the court found this motion untimely. Nor did either Defendant raise the exhaustion of administrative remedies defense in a Rule 50 motion for judgment as a matter of law. Though we have not yet decided whether exhaustion of administrative remedies under § 1997e is jurisdictional,[1] Doremus and Schwartz concede, in this appeal, that it is not. (Appellants' Reply Br. at 1.) Therefore, the Defendants have not preserved the exhaustion issue for our review.

Defendants also argue that the district court erred in denying their motion for judgment as a matter of law on the grounds that Plaintiff did not present sufficient evidence at trial that he suffered any physical injury. We disagree. Having reviewed the record, we agree with the district court that Green presented sufficient evidence for the jury to have determined that he suffered more than de minimus injuries.

**AFFIRMED.**

---

[1] This Circuit has noted, however, that most courts that have considered the issue have concluded that § 1997e is not a jurisdictional mandate. *Chandler*, 379 F.3d at 1286 n.16. Many of our sister circuits have expressly held that failure to exhaust administrative remedies under § 1997e is an affirmative defense which must be proved by the defendant. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *Casanova v. Dubois*, 304 F.3d 75, 77 n.3 (1st Cir. 2002); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999); *Jenkins v. Haubert*, 179 F.3d 19, 29 (2d Cir. 1999).